# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN FRITZ; AND MELISSA FRITZ,
Appellants,
vs.
WASHOE COUNTY,
Respondent.

No. 75693

FILED

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment after a bench trial in a real property action regarding an inverse condemnation claim. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

The property at issue in this dispute is a 2.5 acre parcel on Bihler Road in unincorporated Washoe County that has periodically flooded over the years. The property is within the White's Creek watershed. White's Creek bifurcates into four channels, two of which run consistently and two of which run depending upon seasonal local precipitation and runoff that flows during storm events. One of the latter two channels, White's Creek #4, runs through the southeast corner of the property.

John Fritz and Melissa Fritz purchased the property in 2001. After purchasing it, they built a home, garage, and shop on the property. Part of that construction included grading the property to accommodate the structures and landscaping the area around the house. From 2002 until 2015, the Fritzes consistently rented the property to other tenants, and received approximately $166,000 in rental income in those years. Since they have owned the property, John has continued to use the shop for storage of construction materials and used the southern side of the parcel

for parking of trailers and vehicles. The Fritzes moved into the home in 2015, and still live there today.

The Fritzes first experienced flooding on their property in 2005. A winter storm inundated the area and caused water to run through their property. The water reached the shop on the property and placed several inches of water, dirt, and soil in the garage. There was no damage to the house; however, there was damage to the personal property stored in the garage. Nevertheless, the Fritzes did not file an insurance claim for that incident. The Fritzes experienced some flooding again during a winter storm in 2014. However, no evidence was introduced in the district court regarding the impact of that flooding on the Fritzes' home, shop, or garage. That said, there was evidence presented that water pooled in the southeastern graded portion of the property. Then, in 2017, the Fritzes experienced flooding again. Specifically, in that year, there were historic amounts of precipitation and snow melt in the area, leading the federal government to declare two flood disasters. Melissa took a video of that event showing large amounts of water coming from the overflow of White's Creek #4, heading north on Bihler Road, and flooding the property. However, even with the historical amount of flooding in 2017, the Fritzes' house, garage, and shop were not damaged during that event.

The Fritzes contend that all the flooding on the property was the result of public improvements to two upland developments, Lancer Estates and Monte Rosa, as well as improvements to upland Mount Rose Highway. The Fritzes argue that improvements to those developments have gradually increased over time as those developments expanded.

The Fritzes filed a complaint in the district court for inverse condemnation, alleging that Washoe County substantially participated in

the planning and development of Lancer Estates and Monte Rosa, and that those developments have substantially increased and accelerated the flow of water across White's Creek #4. Initially, the district court dismissed the Fritzes' claim by summary judgment. The Fritzes appealed, and we reversed, concluding that the district court's findings were insufficient to determine if there was a taking, and that genuine issues of material fact existed as to whether Washoe County actions constituted substantial involvement in the development of the drainage system in that area. *Fritz v. Washoe Cty. ("Fritz I")*, 132 Nev. 580, 586, 376 P.3d 794, 796 (2016).

After remand, the district court reopened discovery. The case eventually proceeded to a three-day bench trial on the taking and proximate cause elements of the inverse condemnation claim. The court concluded that, as a matter of law, the flooding on the Fritzes' property did not rise to the level of a taking, and that there were other factors other than those involving Washoe County that caused the Fritzes' property to flood. The Fritzes now appeal that determination.

*The district court did not err in concluding there was not a taking*

The Fritzes contend that the district court made clearly erroneous findings of fact regarding the evidence of recurring flooding and future flooding.[1] Washoe County responds that the Fritzes were not

---

[1]The Fritzes contend that the district court erroneously determined that no taking occurred because the district court applied the incorrect standard of law. Specifically, the Fritzes complain that the district court used the standard set forth in *ASAP Storage, Inc. v. City of Sparks*, 123 Nev. 639, 648, 173 P.3d 734, 741 (2007), when it should have used *Buzz Stew, LLC v. City of N. Las Vegas*, 131 Nev. 1, 7, 341 P.3d 646, 650 (2015). As an initial matter, *Buzz Stew* did not overturn, distinguish, or clarify the standard used for a taking. 131 Nev. at 7, 341 P.3d at 650. In fact, the

substantially injured, as required by *Buzz Stew*, because water pooling on a property during a storm event is not substantial injury. We agree.

Inverse condemnation requires: "(1) a taking (2) of real or personal interest in private property (3) for public use (4) without just compensation being paid (5) that is proximately caused by a governmental entity (6) that has not instituted formal proceedings." *Fritz I*, 132 Nev. at 584, 376 P.3d at 796. "Whether a taking has occurred is a question of law that this court reviews de novo." *City of Las Vegas v. Cliff Shadows Prof'l Plaza, LLC*, 129 Nev. 1, 11, 293 P.3d 860, 866 (2013).[2] Additionally, we have "repeatedly held that findings of fact and conclusions of law, supported by substantial evidence, will not be set aside unless clearly erroneous." *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 486, 117 P.3d 219, 223 (2005) (internal quotation and citation omitted).

For a taking by flood water to occur, there must be a physical invasion of flood waters resulting in substantial injury. *Buzz Stew*, 131 Nev. at 7, 341 P.3d at 650. For substantial injury to exist, the physical invasion

---

supposed clarified standard the Fritzes rely on in *Buzz Stew* directly cites to *ASAP Storage* and *Clark County v. Powers*, 96 Nev. 497, 501 n.3, 611 P.2d 1072, 1075 n.3 (1980). *Id.* The district court used both of those cases to determine whether a taking occurred. Thus, the Fritzes' argument that the district court applied an incorrect standard of law has no merit.

The Fritzes also argue that numerous other findings of fact by the district court were clearly erroneous or not supported by substantial evidence. However, each of the remaining findings they dispute relate to the proximate cause element of the district court's decision, rather than the taking element. Because we conclude the Fritzes failed to demonstrate a taking occurred, we need not address those arguments.

[2]Because whether a taking occurred is a question of law, we reject the Fritzes' contention that the case should have been tried by a jury.

must "effectually destroy or impair [the property's] usefulness." *Clark Cty.*, 96 Nev. at 501 n.3, 611 P.2d at 1075 n.3. "[W]hen property is subjected to intermittent, but inevitable flooding which causes substantial injury," the requirement is no different. *Id.*

We conclude that the district court correctly determined that there was no taking. Since the Fritzes bought the property, it has only flooded three times and none of those times resulted in substantial damage sufficient to destroy or impair the property's usefulness. Only once did the flooding invade the garage that John used for storage of his personal property, and he has continued to use the building for that same purpose since. The flooding has merely resulted in erosion and channeling in a graded area of the property away from the house, shop, and garage. Further, the Fritzes have been able to lease the property out to various tenants since they have owned the property, generating just over $160,000 in revenue. The Fritzes moved back onto the property in 2015 and continue to reside there today. Thus, the district court was correct in concluding that the flooding did not result in substantial injury to the Fritzes.

We additionally conclude that the district court's finding regarding future flooding on the property was not clearly erroneous. The Fritzes argue that their expert presented evidence that flooding will continue and increase the more urbanization of that area increases. However, the evidence of future flooding was scant and speculative, particularly when coupled with evidence that the property has only flooded three times in roughly twenty years, none of which resulted in substantial

damage. Given the evidence available, the district court's finding does not rise to clear error. Accordingly, the district court did not err in holding that no taking occurred. We thus

ORDER the judgment of the district court AFFIRMED.[3]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc: Hon. Kathleen M. Drakulich, District Judge
David Wasick, Settlement Judge
Luke A. Busby
Washoe County District Attorney/Civil Division
Fennemore Craig P.C./Reno
Blanchard, Krasner & French
Washoe County District Court Clerk

_____

[3]We have considered the Fritzes' remaining arguments and conclude they are without merit.